IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA M. ADETUNJI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:14cv203-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 1, 2015, the plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $3,247.45 in attorney's fees. *See* Doc. # 20. According to plaintiff's counsel, the Social Security Administration withheld $9,247.45 from the plaintiff's award of past due benefits for payment of attorney's fees which represents 25 percent of the past due benefits awarded. (Doc. # 20 at 1). Plaintiff's counsel initially requested $3,247.45 from the amount withheld because counsel received a check in the amount of $6,000.00 for work performed at the administrative level. (*Id*. at 1-2). However, the Social Security Administration determined that because counsel had not filed a petition to receive fees, he had erroneously received the award of $6000.00.[1] Plaintiff's counsel has not yet returned the $6000.00 received to the Administration, nor has he filed a petition for fees pursuant to 42 U.S.C. § 406(a) for work performed at the administrative level.

---

[1] Counsel actually received $5,912.00 because the Social Security Administration assessed an administrative service fee. (Doc. # 22, Ex. G)

Instead of filing a fee petition, on September 17, 2015, the plaintiff filed an amended motion for attorney's fees (doc. # 26) seeking fees in the amount of $9,247.45 pursuant to 42 U.S.C. § 406(b), but agrees that the amount of fees would be offset by the $6000.00 he has already received for work performed at the administrative level. *See* 42 U.S.C. § 406(a). On September 23, 2015, the Commissioner filed a response to the amended motion for attorney's fees in which the Commissioner "does not object to an award of 406(b) fees in the amount sought" but requested that the court offset the award by the $6000.00 previously received.[2]  *See* Doc. # 28.

To clarify the position of the parties, the court heard oral argument on the motions on October 19, 2015. At oral argument, plaintiff's counsel requested that he be awarded fees in the amount of $9,247.45 but that he only be paid $3,247.45. The United States reiterated that it does not oppose the award of fees in the amount sought, provided that the amount awarded be offset by the monies already received by counsel.

Although plaintiff's counsel could petition for an award of $6,000 in attorney's fees for work performed at the administrative level, he has not done so. *See* 42 U.S.C. § 406(a). This court is not authorized to award fees for work done at the administrative level. Instead of repaying the amount awarded, or petitioning the Commissioner for payment of fees for work done at the administrative level, by seeking an award of fees in the amount of

---

[2]  The plaintiff's counsel was also previously awarded $2,497.50 in fees under the Equal Access to Justice Act ("EAJA"). (Doc. # 19). However, because the Department of the Treasury applied this amount to a debt owed by the plaintiff, counsel did not receive any EAJA fees. (Doc. #26, Ex. 6).

$9,247.45 pursuant to 42 U.S.C. § 406(b), plaintiff's counsel seeks to increase his hourly rate in this court. The court will not engage in such creative accounting. Consequently, after deducting the amount of fees which the plaintiff's attorney could receive at the administrative level, $3,247.45 remains for an award of fees under § 406(b).

The plaintiff entered into a contingency fee agreement with counsel in which the plaintiff agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to her. (Doc. # 26, Ex. 1). On March 21, 2014, the plaintiff sought review of the Commissioner's adverse decision in this court. (Compl., Doc. # 1). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge. On August 26, 2014, the court remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. # 14 & 15).

On May 27, 2015, the plaintiff was awarded past due benefits in the amount of $36,989.80. (Doc. # 26, Ex. 2).

While the United States does not oppose the award of fees, the court must independently determine whether an award of attorney's fees in the amount of $3,247.45 is reasonable in this case.[3] The plaintiff's counsel asserts that he expended 25.25 hours[4]

---

[3] A fee of $9,247.45 equates to an approximate hourly rate of $366.23 for work performed in this court.

[4] The court notes that plaintiff's counsel billed three (3) hours to draft the original fee petition which contained 4.5 pages of argument and seven exhibits, and then billed an additional 2.5 hours to draft an amended petition which added little in the way of argument and attached the same exhibits. The expenditure of 5.5 hours

representing the plaintiff in this court which equates to an hourly rate of $128.61.

In *Grisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002), the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). However, it is not sufficient for the court to simply accept 25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

*Gisbrecht*, 535 U.S. at 808.

"Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*, at 807. The burden is on plaintiff's counsel to demonstrate the reasonableness of the requested fee. *Id*. An award of attorney's fees in the amount of $3,247.45 for 25.25 hours of work over a two year period is reasonable. The hourly rate of the award would equal $128.61 which the

---

to draft the fee petitions borders on the unreasonable but because the Commissioner does not object to the amount of hours sought, the court will allow them.

court concludes is reasonable on its face. The United States does not object to the award, and the court's judgment about reasonableness is informed by *Gisbrecht's* conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements. Counsel is experienced in representing Social Security claimants, and he has represented over eighty (80) Social Security claimants for a period of over ten (10) years. He regularly practices in this court and the court is familiar with his work. Consequently, the court concludes that payment in the amount of $3,247.45 which equals 25% of the past due benefits (minus the $6000.00 that is available for work performed at the administrative level)[5] would be reasonable under the circumstances of this case. Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b), the petition for attorney's fees be and is hereby GRANTED to the extent that counsel be and is hereby AWARDED $3,247.45 as a reasonable attorney's fee, and the Commissioner shall pay to the plaintiff's attorney $3,247.45 of the amount previously withheld from the plaintiff's past due benefits.

Done this 30th day of October, 2015.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[5] Although plaintiff's counsel seeks to avoid refunding the previously awarded $6,000.00 to the Commissioner, and desires the court to offset the award of attorney's fees by that amount, because the plaintiff has not filed a petition for fees for work performed at the administrative level, the court cannot will not offset an award of fees in this court for that work.